Original ☐ Duplicate O


CLERK'S OFFICE
A TRUE COPY
May 22, 2024
s/ Mariah Kauder
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

# UNITED STATES DISTRICT COURT

for the

Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Search of | ) |
| *(Briefly describe the property to be searched* | ) |
| *or identify the person by name and address)* | )    Case No.   24-M-431 (SCD) |
| information associated with the TextNow account assigned to the username echasity084, phone number 336-616-9129, and email address echasity084@gmail.com that is stored at premises owned, maintained, controlled, or operated by TextNow, Inc., a company headquartered at 1 Sutter Street, #800, San Francisco, California 94104. | ) ) ) ) |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____ Eastern _____ District of _____ Wisconsin _____
*(identify the person or describe the property to be searched and give its location)*:

Please see Attachment A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

Please see Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before _____ 6-5-24 _____ *(not to exceed 14 days)*

☐ in the daytime 6:00 a.m. to 10:00 p.m.    ☒ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____ Honorable Stephen C. Dries _____ .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*

☐ for _____ days *(not to exceed 30)*    ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued: _____ 5-22-24. 1:35 pm _____     *Stephen C. Dries*
                                                    *Judge's signature*

City and state: _____ Milwaukee, WI _____     Honorable Stephen C. Dries, U.S. Magistrate Judge
                                                      *Printed name and title*

| **Return** | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |

Inventory made in the presence of :

Inventory of the property taken and name(s) of any person(s) seized:

**Certification**

      I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.


Date: _____

                                                      _____
                                                          *Executing officer's signature*

                                                          _____
                                                          *Printed name and title*

## ATTACHMENT A

### PROPERTY TO BE SEARCHED

This warrant applies to information associated with the TextNow account assigned to the username **echasity084, phone number 336-616-9129, and email address echasity084@gmail.com** that is stored at premises owned, maintained, controlled, or operated by TextNow, Inc., a company headquartered at 1 Sutter Street, #800, San Francisco, California 94104.

## ATTACHMENT B

## PARTICULAR THINGS TO BE SEIZED

### I.  Information to Be Disclosed by TextNow, Inc.

To the extent that the information described in Attachment A is within the possession, custody, or control of TextNow, Inc. regardless of whether such information is located within or outside of the United States, and including any messages, records, files, logs, or information that have been deleted but are still available to TextNow, Inc., or have been preserved pursuant to a request made under 18 U.S.C. § 2703(f), TextNow, Inc. is required to disclose the following information to the government for each account or identifier listed in Attachment A for the period of **July 1, 2022 to February 8, 2024**:

> (a) All records or other information regarding the identification of the account, to include full name, physical address, date of birth, telephone numbers and other identifiers, records of session times and durations, the date on which the account was created, the length of service, the types of service utilized, the IP address used to register the account, log-in IP addresses associated with session times and dates, account status, alternative e-mail addresses provided during registration, methods of connecting, log files, and means and source of payment (including any credit or bank account number);
>
> (b) Content of all messages, to include but not limited to voicemail, text, multimedia messages, including transmission data associated with phone calls and text messages sent or received by the TextNow user, the content of the message, and whether the message was deleted;
>
> (c) All text messaging logs, to include the date and time of messages, and identification numbers associated with the handsets sending and receiving messages;
>
> (d) All call records, to include all phone calls made from or received by the TextNow user during the specified time period, call start time, and duration of the call);
>
> (e) All media files, to include data and information directly associated with, embedded in or attached to any image, video, audio, or text file associated with any transmissions sent from or received by the TextNow user);

14

(f) All records or other information stored at any time by an individual using the account, to include address books, contact and buddy lists, calendar data, pictures and picture metadata, picture messages, and files; and

(g) All records pertaining to communications between TextNow and any person regarding the account, to include contacts with support services and records of actions taken.

## II.     Information to Be Seized by the Government

All information described above in Section I that constitutes fruits, evidence or instrumentalities of violations of Title 18, United States Code, § 2252(a)(2)(A); sex trafficking of a minor in violation of Title 18, United States Code, § 1591(a)(1)(b)(1); sexual exploitation of a child in violation of Title 18, United States Code, § 2251; and receipt of child pornography in violation of Title 18, United States Code, § 2252(a)(2). involving CHASITY EVANS including, for each account or identifier listed on Attachment A, information pertaining to the following matters:

(a) Evidence of the crimes under investigation, including preparatory steps taken in furtherance of such activity, and steps taken after such activity to hinder and prevent apprehension and identification, or evidence that may refute the subscriber's involvement in such activity;

(b) Evidence indicating how and when any relevant account was accessed or used, to determine the geographic and chronological context of account access, use, and events relating of the crimes under investigation and to the account owner;

(c) Evidence indicating the account owner's state of mind as it relates to the crimes under investigation; and

(d) Evidence regarding the identity of the person(s) who created or used the account, including records that help reveal the whereabouts of such person(s).

This warrant authorizes a review of electronically stored information, communications, other records and information disclosed pursuant to this warrant in order to locate the evidence

15

and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the disclosed electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

16



CLERK'S OFFICE
A TRUE COPY
May 22, 2024
s/ Mariah Kauder
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT

### for the
### Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched*<br>*or identify the person by name and address)*<br><br>information associated with the TextNow account assigned to the username echasity084,<br>phone number 336-616-9129, and email address echasity084@gmail.com that is stored<br>at premises owned, maintained, controlled, or operated by TextNow, Inc., a company<br>headquartered at 1 Sutter Street, #800, San Francisco, California 94104. | )<br>)<br>)<br>)<br>)<br>)<br>)    Case No. **24-M-431 (SCD)** |

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

Please see Attachment A.

located in the _____ Eastern _____ District of _____ Wisconsin _____ , there is now concealed *(identify the person or describe the property to be seized):*

Please see Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 2251(a), 2251(e),<br>and 2(a); 18 U.S.C. §§ 1591(a)<br>(1)(b)(1) and 2(a) | production of child pornography; sex trafficking of a minor |

The application is based on these facts:

Please see Affidavit.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Kevin Bennett, Special Agent - FBI

*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
_____ telephone _____ *(specify reliable electronic means).*

Date: 5-22-24

*Judge's signature*

City and state: Milwaukee, WI      Honorable Stephen C. Dries, U.S. Magistrate Judge

*Printed name and title*

## AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A SEARCH WARRANT

I, Kevin Bennett, being first duly sworn, depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.      I have been employed as a Special Agent of the Federal Bureau of Investigation (FBI) since February 2023 and am currently assigned to the Milwaukee Division as a member of the Milwaukee Child Exploitation and Human Trafficking Task Force. As part of my duties, I investigate the illegal trafficking of persons for the purposes of labor and commercial sex acts and crimes against children. My formal training and experience include the FBI Academy in Quantico, Virginia, where I received comprehensive training in a variety of investigative and legal matters. This included conducting criminal investigations, drafting and executing search and arrest warrants, and interviewing witnesses, victims, and subjects. In addition, I have participated in multiple training events on conducting human trafficking and child exploitation investigations led by members of the Milwaukee Child Exploitation Human Trafficking Task Force. Since joining my squad in Milwaukee, I have gained experience as a case agent and a co-case agent leading and supporting multiple investigations, conducting operations, and consulting with law enforcement partners employed by local, state, and federal law enforcement agencies. My field experience as a Special Agent includes obtaining search warrants and collecting and analyzing evidence related to electronic media, telecommunications, social media, and digital devices.

2.      The facts contained in this affidavit are known to me through my personal knowledge, training, and experience, and through information provided to me by other law enforcement officers, who have provided information to me during the course of their official duties and whom I consider truthful and reliable.

## **DEFINITIONS**

3.  The following definitions apply to the Affidavit and Attachments to this Affidavit:

a.  "Child Pornography" is defined in 18 U.S.C. § 2256(8) as any visual depiction of sexually explicit conduct where (a) the production of the visual depiction involved the use of a minor engaged in sexually explicit conduct, (b) the visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaged in sexually explicit conduct, or (c) the visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaged in sexually explicit conduct.

b.  "Minor" means any person under the age of eighteen years. See 18 U.S.C. § 2256(1).

c.  The terms "records," "documents," and "materials" include all information recorded in any form, visual or aural, and by any means, whether in handmade form (including writings and drawings), photographic form (including prints, negatives, videotapes, motion pictures, and photocopies), mechanical form (including printing and typing) or electrical, electronic or magnetic form (including tape recordings, compact discs, electronic or magnetic storage devices such as hard disks, CD-ROMs, digital video disks (DVDs), Personal Digital Assistants (PDAs), Multi Media Cards (MMCs), memory sticks, smart cards, or electronic notebooks, as well as digital data files and printouts or readouts from any magnetic, electrical or electronic storage device).

d.  "Sexually explicit conduct" means actual or simulated (a) sexual intercourse, including genital-genital, oral-genital, or oral-anal, whether between persons of the

2

same or opposite sex; (b) bestiality; (c) masturbation; (d) sadistic or masochistic abuse; or (e) lascivious exhibition of the genitals or pubic area of any person. See 18 U.S.C. § 2256(2).

e. "Visual depictions" include undeveloped film and videotape, and data stored on a computer disk or by electronic means, which is capable of conversion into a visual image. See 18 U.S.C. § 2256(5).

## PURPOSE OF THIS AFFIDAVIT

4. I make this affidavit in support of an application for a search warrant under Title 18, United States Code, Sections 2703(a), 2703(b)(1)(A), and 2703(c)(1)(A) to require TextNow, Inc., to disclose to the government records and other information in its possession, including the contents of communications, pertaining to the user accounts associated with the following username: echasity084.

5. Such information is stored at premises owned, maintained, controlled or operated by TextNow, Inc., an electronic communication service provider headquartered in Waterloo, Canada. TextNow, Inc. also has a business component in the Northern District of California and does business in the United States. According to the Department of Justice, TextNow began complying with U.S. legal process in late 2017 at their U.S. component, "Text Now, Inc." in San Francisco, California. Further, the Clarifying Lawful Overseas Use of Data Act, or "CLOUD Act," which amended the Stored Communication Act (SCA) in March 2018, among other things, and codified the long-established U.S. and international principle that a company subject to a country's jurisdiction can be required to produce data the company controls, regardless of where it is stored at any point in time. 18 U.S.C. § 2713. Because TextNow has established its United States component in the United States, personal jurisdiction is most readily established, and they are

3

obligated to comply with a search warrant issued from a court of competent jurisdiction. *See In Re Grand Jury Proceedings (Bank of Nova Scotia)*, 740 F.2d 817 (11th Cir.), cert. denied, 469 U.S. 1106 (1985); *In Re Grand Jury Proceedings (Bank of Nova Scotia)*, 691 F.2d 1384 (11th Cir. 1982), cert. denied, 462 U.S. 1119 (1983) (The United States lawfully obtained records located abroad by serving subpoenas on branches of the bank located in the United States, even where production of the records would violate the foreign country's secrecy laws.)

6.      Based upon the information described below, I submit that probable cause exists to believe that Chasity EVANS, DATE OF BIRTH XX/XX/1986, and Daniel ANDERSON, DATE OF BIRTH XX/XX/1969 have committed the crime of production of child pornography in violation of Title 18, United States Code, §§ 2251(a), 2251(e), and 2(a); and sex trafficking of a minor in violation of Title 18, United States Code, §§ 1591(a)(1)(b)(1) and 2(a). I further submit that evidence relating to this crime, more particularly described in Attachment B, can be found in EVANS' TextNow account, and more particularly described in Attachment A. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

7.      There is also probable cause to search the information described in Attachment A for evidence, instrumentalities, contraband, and/or fruits of these crimes further described in Attachment B, in accordance with the proposed search procedure, described in Attachment B.

8.      This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711.  18 U.S.C. §§ 2703(a), (b)(1)(A), & (c)(1)(A).  Specifically, the Court is "a district court of the United States . . . that has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

4

## TEXTNOW, INC.

9.      TextNow, Inc. ("TextNow") is a VOIP service that allows users to text and call any number in Canada and the United States for free through its application, so long as the user has access to a Wi-Fi connection. TextNow provides the user with a real phone number to use, and can be used on any smart device with an Internet connection. The application can be used on multiple devices, including smartphones, tablets, laptops, or desktops.

10.     TextNow offers both free and paid accounts. Users in the United States can sign up for a free TextNow account and can purchase a smart phone or a SIM card with a phone plan on TextNow's website.

11.     TextNow assigns a ten-digit phone number identifier (three-digit area code plus seven-digit number) directly to the users once they have registered their account. TextNow users have the option to change their phone number every 15 days. TextNow recycles dormant phone numbers; therefore, a particular phone number identifier may be reassigned to different users at different times.

12.     To access and use TextNow's services, a user must register and create an account. This can be done by either logging in with Facebook or by providing a username, email address, and password. TextNow asks users to provide basic contact information, either during the registration process or thereafter. This information may include the user's full name, birth date, contact e-mail address, and other personal identifiers.

13.     TextNow collects different types of information about its users and their activities. TextNow collects information when a user registers, logs into, and uses the application, including the features used, the location of the user, and the information that a user enters and receives, such

5

as chats and media files. TextNow has the ability to obtain and record information from a user's device or browser, including IP Addresses. Upon creation of the account, TextNow requests the user's location in order to assign a phone number in the user's area. TextNow collects the content of text messages sent and received, and any media files that the user shared in the chat session, and a timestamp. Additionally, TextNow collects a record of all phone calls made from or received by a TextNow user, including the call start time and duration.

14.     Therefore, the TextNow servers are likely to contain all the material just described, including stored electronic communications and information concerning subscribers and their use of TextNow, such as account access information, transaction information, and account application.

## BACKGROUND ON INVESTIGATION AND PROBABLE CAUSE

15.     On or about September 6, 2023, FBI Memphis received information from the Lauderdale County Sheriff's Office in Tennessee (LCSO) regarding allegations that Child Sexual Abuse Material, also known as Child Pornography, hereinafter referred to as CSAM, of a twelve-year-old-girl, hereinafter Victim 1, was produced and distributed by Victim 1's mother, hereinafter Chasity EVANS.

16.     On or about July 14, 2023, a forensic interview was conducted of Victim 1 and notes were taken by the witnessing law enforcement officer from LCSO. Based upon the notes of the officer which I have reviewed, Victim 1 made several disclosures, which included:

6

a. When Victim 1 was 10 to 11 years old, Victim 1 lived with EVANS in Milwaukee, Wisconsin. During that time Victim 1 was introduced to an adult male who was later identified by law enforcement to be Daniel ANDERSON[1].

b. EVANS asked Victim 1 if EVANS could take pictures of Victim 1's body. Victim 1 saw messages on EVANS's phone between EVANS and ANDERSON which showed that ANDERSON was asking EVANS. to take the pictures of Victim 1. Victim 1 recalled one message stated, "if you get her to do it, I'll give you this amount of money."

c. The first time EVANS took pictures of Victim 1, they were in the apartment in Milwaukee, Wisconsin. EVANS told Victim 1 to pull down Victim 1's pants, lay down on the couch, and open Victim 1's legs. EVANS then took pictures of Victim 1's vagina, EVANS instructed Victim 1 to "open her vagina" for the picture. Victim 1 then observed EVANS's phone, which showed that EVANS sent the pictures to ANDERSON.

d. Victim 1 took the pictures that EVANS requested because Victim 1 was afraid of EVANS' threats to "whoop" Victim 1. Victim 1 explained that "whoop" meant getting punched.

e. Victim 1 saw on EVANS's phone that ANDERSON sent EVANS money on CashApp after EVANS sent ANDERSON the nude picture of Victim 1.

---

[1] Victim 1 originally identified the male as "Dan Henderson," but through the investigation of law enforcement officers and further interviews of EVANS it was determined that the individual's name was actually "Daniel ANDERSON." "Dan Henderson's" driver's license image was shown to Victim 1, and Victim 1 said that was not the man that Victim 1 was referring to. After a review of EVANS's cell phone, ANDERSON's CashApp was observed, as the account sent EVANS money. EVANS. also used the name "Danny ANDERSON" during her interviews with law enforcement.

7

f.      Victim 1 disclosed another time EVANS took pictures of Victim 1 while Victim 1 was in the shower, nude.

g.      Victim 1 disclosed that on one occasion, EVANS took Victim 1 to ANDERSON's apartment in Milwaukee, Wisconsin. Victim 1 recalled that ANDERSON's apartment number was 114 and it was on "Wells"[2] Street. While at the apartment, Victim 1 was brought to a bedroom with a man named "Brian." EVANS told Victim 1 to pull down Victim 1's clothes, open Victim 1's legs, and lay down in bed. EVANS and Brian got into bed with Victim 1. ANDERSON was there and "made it dark in the room." EVANS covered the top of Victim 1's body and Victim 1's face with a white hospital blanket. Victim 1 then felt a rough finger, which Victim 1 believed to be either "Brian's" or ANDERSON'S touching around her privates while EVANS and Brian "hunched[3]." When EVANS told Victim 1 that they were done, ANDERSON took EVANS and Victim 1 out to eat and ANDERSON gave EVANS money.

h.      Victim 1 recalled seeing pictures of other girls around Victim 1's age on EVANS's phone, which were sent to EVANS by ANDERSON as examples of how to pose.

17.      EVANS disclosed on multiple occasions, most recently in an interview on May 8, 2024, that EVANS used TextNow formessages with ANDERSON, including for sending the nude images of Victim 1. The messages described below, between EVANS and ANDERSON occurred via TextNow.

---

[2] The report written by the reviewing officer stated that Victim 1 said "Walls" Street, however after I listened to the recording of the interview Victim 1 appears to state "Wells" Street.

[3] Victim 1 did not clarify or explain what she meant by "hunched," but based on my contextual review, I believe this to mean that EVANS and "Brian" were also engaged in sexual activity while "Brian" was simultaneously touching around Victim 1's private parts.

8

18. On or about October 23, 2023, EVANS agreed to participate in an interview with an FBI Task Force Officer. I have reviewed the report from this interview, and EVANS made statements which included:

    a. EVANS took nude images of Victim 1 and sent them to "Dan" in Milwaukee. EVANS identified "Dan" as Daniel ANDERSON. ANDERSON told EVANS to take the sexually explicit pictures of EVANS's minor daughter and send them to ANDERSON in exchange for money.

    b. EVANS showed the TFO EVANS' CashApp account which showed a payment from ANDERSON to EVANS on or about June 24, 2023, for $40. This payment was for a nude image of EVANS's minor daughter, Victim 1. The account name that sent EVANS the money was "Danny ANDERSON" and the image associated with the account bore a strong resemblance to the driver's license image of ANDERSON.

    c. ANDERSON would tell EVANS to take nude images of Victim 1, and would threaten EVANS if EVANS did not do so. EVANS did not explain the nature of the threats. ANDERSON sent EVANS images of other minor girls to show EVANS what he expected for pictures of Victim 1. EVANS then took the nude pictures of Victim 1 and sent them to ANDERSON. ANDERSON paid EVANS $60-$80 for the images. ANDERSON had naked images of other girls on ANDERSON's phone.

19. EVANS was shown the cellular telephone recovered by investigators and directed investigators to the CSAM images sent by ANDERSON to her via text messages on the cell phone. EVANS navigated to the TextNow app and was unable to locate the images. EVANS said the images would be there if the phone was connected to Wi-Fi as the phone was in airplane mode

and not connected to the Internet. EVANS gave investigators verbal permission to connect the phone to Wi-FI and download the contents of the TextNow messages for TextNow number (336) 616-9129.

20.     On November 1, 2023, EVANS signed a Consent to Search allowing investigators to search her phone as well as allowing investigators to access to her TextNow number (336) 616-9129. The messages between EVANS and ANDERSON were no longer visible on EVANS phone.

21.     On or about November 1, 2023, a grand jury subpoena was issued to TextNow for records pertaining to 336-619-9129. The subscriber information listed the user as Chasity EVANS with an email address of echasity084@gmail.com and username of echasity084.

22.     On or about November 3, 2023, EVANS was again interviewed by the same FBI TFO. I have reviewed the report written by the TFO, which stated that EVANS made statements including:

  a.     ANDERSON set up "dates" for EVANS on two occasions. EVANS went to ANDERSON's apartment where EVANS had sex with a man for $75. ANDERSON told EVANS to bring Victim 1 for the date. Victim 1 was in the bed during EVANS' second date, while EVANS had sex with the man.

  b.     ANDERSON set up dates for older white men to have sex with underage black girls. EVANS witnessed ANDERSON let men into ANDERSON's apartment, then shortly after, a young girl would show up. On one occasion, EVANS. traveled with ANDERSON to pick up a fourteen-year-old girl.

10

23. On or about November 10, 2023, EVANS was again interviewed by the same FBI TFO. I have reviewed the report written by the TFO, and listened to the interview recording, EVANS made statements including:

a. EVANS stated in the interview that on one occasion EVANS brought Victim 1 to ANDERSON's apartment, and ANDERSON "did touch my baby." EVANS disclosed that ANDERSON had Victim 1 get naked and asked EVANS to have sex with ANDERSON while Victim 1's clothes were off. ANDERSON touched Victim 1's breasts while EVANS and ANDERSON were simultaneously having sex. In an interview on May 8, 2024, EVANS disclosed this incident was arranged via EVANS' TextNow and EVANS was paid by ANDERSON.

b. EVANS saw nude images of Victim 1 on ANDERSON's phone, which was an iPhone.

c. EVANS was arrested on February 8, 2024, and has been in custody since that date.

**INFORMATION TO BE SEARCHED AND THINGS TO BE SEIZED**

24. I anticipate executing this warrant under the Electronic Communications Privacy Act, in particular 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A), by using the warrant to require TextNow, Inc. to disclose to the government copies of the records and other information (including the content of communications) particularly described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review that information to locate the items described in Section II of Attachment B.

**CONCLUSION**

25. Based on the forgoing, I submit that there is probable cause for the Court to issue

11

the proposed search warrant.

26.　　Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant.

27.　　The government will execute this warrant by serving the warrant on TextNow, Inc. Because the warrant will be served on TextNow, Inc., who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

**<u>ATTACHMENT A</u>**

**PROPERTY TO BE SEARCHED**

 This warrant applies to information associated with the TextNow account assigned to the username **echasity084, phone number 336-616-9129, and email address echasity084@gmail.com** that is stored at premises owned, maintained, controlled, or operated by TextNow, Inc., a company headquartered at 1 Sutter Street, #800, San Francisco, California 94104.

## ATTACHMENT B

## PARTICULAR THINGS TO BE SEIZED

### I.      Information to Be Disclosed by TextNow, Inc.

To the extent that the information described in Attachment A is within the possession, custody, or control of TextNow, Inc. regardless of whether such information is located within or outside of the United States, and including any messages, records, files, logs, or information that have been deleted but are still available to TextNow, Inc., or have been preserved pursuant to a request made under 18 U.S.C. § 2703(f), TextNow, Inc. is required to disclose the following information to the government for each account or identifier listed in Attachment A for the period of **July 1, 2022 to February 8, 2024**:

(a)   All records or other information regarding the identification of the account, to include full name, physical address, date of birth, telephone numbers and other identifiers, records of session times and durations, the date on which the account was created, the length of service, the types of service utilized, the IP address used to register the account, log-in IP addresses associated with session times and dates, account status, alternative e-mail addresses provided during registration, methods of connecting, log files, and means and source of payment (including any credit or bank account number);

(b)   Content of all messages, to include but not limited to voicemail, text, multimedia messages, including transmission data associated with phone calls and text messages sent or received by the TextNow user, the content of the message, and whether the message was deleted;

(c)   All text messaging logs, to include the date and time of messages, and identification numbers associated with the handsets sending and receiving messages;

(d)   All call records, to include all phone calls made from or received by the TextNow user during the specified time period, call start time, and duration of the call);

(e)   All media files, to include data and information directly associated with, embedded in or attached to any image, video, audio, or text file associated with any transmissions sent from or received by the TextNow user;

14

(f) All records or other information stored at any time by an individual using the account, to include address books, contact and buddy lists, calendar data, pictures and picture metadata, picture messages, and files; and

(g) All records pertaining to communications between TextNow and any person regarding the account, to include contacts with support services and records of actions taken.

## II.     Information to Be Seized by the Government

All information described above in Section I that constitutes fruits, evidence or instrumentalities of violations of Title 18, United States Code, § 2252(a)(2)(A); sex trafficking of a minor in violation of Title 18, United States Code, § 1591(a)(1)(b)(1); sexual exploitation of a child in violation of Title 18, United States Code, § 2251; and receipt of child pornography in violation of Title 18, United States Code, § 2252(a)(2). involving CHASITY EVANS including, for each account or identifier listed on Attachment A, information pertaining to the following matters:

(a) Evidence of the crimes under investigation, including preparatory steps taken in furtherance of such activity, and steps taken after such activity to hinder and prevent apprehension and identification, or evidence that may refute the subscriber's involvement in such activity;

(b) Evidence indicating how and when any relevant account was accessed or used, to determine the geographic and chronological context of account access, use, and events relating of the crimes under investigation and to the account owner;

(c) Evidence indicating the account owner's state of mind as it relates to the crimes under investigation; and

(d) Evidence regarding the identity of the person(s) who created or used the account, including records that help reveal the whereabouts of such person(s).

This warrant authorizes a review of electronically stored information, communications, other records and information disclosed pursuant to this warrant in order to locate the evidence

15

and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the disclosed electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

16